IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

## STATE OF TENNESSEE v. WILLIAM EARL STARKS

**Appeal from the Circuit Court for Tipton County**
**No. 5403      Joseph H. Walker, Judge**

---

**No. W2015-00743-CCA-R3-CD  -  Filed November 23, 2015**

---

The defendant, William Earl Starks, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

William Earl Starks, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Jonathan H. Wardle, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

A Tipton County Circuit Court jury convicted the defendant of the rape of 11-year-old J.D., and the trial court imposed a sentence of 22 years' incarceration. *See State v. William Earl Starks*, No. W2007-01608-CCA-R3-CD, slip op. at 1-2 (Tenn. Crim. App., Jackson, July 24, 2008), *perm. app. denied* (Tenn. Sept. 12, 2012). On direct appeal, this court affirmed the defendant's conviction. *See id.* On March 18, 2015, the defendant moved the trial court, pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct his sentence, arguing that the sentence was illegal because it was excessive. The trial court summarily dismissed the motion on grounds that the defendant failed to state a colorable claim for relief under Rule 36.1.

In this appeal, the defendant challenges the summary dismissal of his motion, claiming again that his 22-year sentence is illegal because it is excessive.

Tennessee Rule of Criminal Procedure 36.1, which became effective on July 1, 2013, provides the defendant and the State an avenue to "seek the correction of an illegal sentence" by filing a motion in the trial court "at any time" following the conviction. Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "Because Rule 36.1 does not define 'colorable claim,'" this court has "adopted the definition of a colorable claim used in the context of post-conviction proceedings." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, slip op. at 3-4 (Tenn. Crim. App., Jackson, Aug. 13, 2014) (citing *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, July 16, 2014)). Supreme Court Rule 28 provides that "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [defendant], would entitle [the defendant] to relief." Tenn. Sup. Ct. R. 28 § 2(H). Moreover, in contrast to the requirements for avoiding summary dismissal of a petition for writ of habeas corpus, the defendant was not required to support his claim by providing any documentation from the record. *See, e.g.*, *George William Brady*, slip op. at 8 ("Under the liberal terms of Rule 36.1, the defendant's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."); *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 13 (Tenn. Crim. App., Nashville, Sept. 11, 2013).

Here, the defendant asserts that his 22-year sentence is illegal because it "was excessive based upon the sentencing principles enumerated in T.C.A. § 40-35-103 and § 40-35-102" and because it "was inconsistent with the purposes of sentencing as set out in § 40-35-102 and § 40-35-103." In support of his claim, the defendant notes that the sentence imposed in other "similarly situated cases" was less than 22 years. "For purposes of" Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The defendant, a Range I offender, was convicted of a Class A felony, the range of punishment for which was 15 to 25 years. The defendant received a sentence within that range. His claim that the sentence exceeded that imposed in other cases is not a colorable claim for relief under Rule 36.1.

Accordingly, we affirm the summary dismissal of the defendant's motion.

_____
JAMES CURWOOD WITT, JR., JUDGE